BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE 21ST CENTURY PRODUCTIONS, INC. )
"THRILSPHERE" CONTRACT LITIGATION    ) DOCKET NO. 332

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, ANDREW A. CAFFREY*, AND ROY W. HARPER, JUDGES OF THE PANEL

---

PER CURIAM

This litigation consists of two actions, each of which is pending in a different district: one in the District of New Jersey and one in the Southern District of Florida. Plaintiff in each action is Twenty-First Century Productions, Inc. (21st Century), a company that markets a movie presentation known as "Thrilsphere." The presentation's action scenes are reproduced on a special film that is projected onto an inflated dome through a lens designed and made for that particular purpose. Two defendants are common to both actions--Richard Marchant, a former business associate of 21st Century, and Omni Vision, Inc. (Omni), a company that allegedly markets a film presentation similar to "Thrilsphere." The Florida action is also brought against two other individuals who, along with Marchant, are alleged to have financial interests in Omni. Additional defendants in the New Jersey action include three 21st Century business

---

\* Judges Lord and Caffrey took no part in the decision of this matter.

associates, the company that allegedly was formed by these three individuals,[1] and two New Jersey amusement park companies.

The complaint in the Florida action includes allegations that: 1) defendant Marchant breached a lease agreement between 21st Century and himself by failing to make payments for certain "Thrilsphere" films and lenses; 2) Marchant and Omni have been unjustly enriched by showing 21st Century's "Thrilsphere" at locations other than the three locations agreed to in the lease agreement; 3) defendants have engaged in unfair competition and have palmed off Omni's product as "Thrilsphere"; 4) defendant Marchant committed deceit by revealing to the other defendants confidential information to which Marchant was privy while a 21st Century sales representative; 5) defendants have tortiously interfered with business relationships between 21st Century and fairs and amusement centers; 6) defendants other than Marchant have tortiously interfered with the business relationship between 21st Century and Marchant; and 7) one individual defendant violated the federal antitrust laws by tying leases of Omni's film with leases of his "Enterprise" ride.

In the New Jersey action, defendants Marchant and Omni are charged with: 1) tortious interference with contractual relationships between 21st Century and other defendants in the New Jersey

---

[1] The complaint in the New Jersey action alleges that this defendant "is a New Jersey corporation that was to be formed under the laws of the State of New Jersey by [three of the individual defendants in this action], but which is acting as a de facto corporation despite never having been incorporated."

action; 2) exhibiting "Thrilsphere" at unauthorized locations; and 3) unlawfully revealing trade secrets. All defendants are charged with unfair competition, palming off, and misappropriation of 21st Century's trademark. Plaintiff alleges that the three individual defendants other than Marchant, and the company they allegedly formed, breached a contract to loan money to 21st Century in connection with the financing of three "Thrilsphere" installations. One of the amusement company defendants also allegedly owes money to 21st Century under a "Thrilsphere" lease agreement.

Marchant and Omni move the Panel for an order pursuant to 28 U.S.C. §1407 transferring the New Jersey action to the Southern District of Florida for coordinated or consolidated pretrial proceedings with the action pending there. Twenty-First Century opposes transfer.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation and, accordingly, we deny the motion to transfer.

Movants urge that centralization of these two actions under Section 1407 is necessary because: 1) the actions involve a common plaintiff and some common defendants; 2) the actions share questions of fact arising from identical allegations against the common defendants and related allegations against the non-common defendants; and 3) duplicative discovery will be prevented.

We find these arguments unpersuasive. Only two actions are involved here. Therefore, while we recognize the existence of some common questions of fact between the actions, we note that the

movants are under a heavy burden to show that those common questions of fact are sufficiently complex and that the accompanying discovery will be so time-consuming as to justify transfer under Section 1407. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969). We rule that movants have not met that burden.

Additionally, we observe that suitable alternatives to Section 1407 transfer are available in order to minimize the possibility of duplicative discovery. For example, notices for a particular deposition could be filed in both actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to both actions may be used in each action; and any party could seek orders from the two courts directing the parties to coordinate their pretrial efforts. See In re Commercial Lighting Products, Inc. Contract Litigation, 415 F. Supp. 392, 393 (J.P.M.L. 1976). See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

Also, consultation and cooperation between the two concerned district courts, if deemed appropriate by those courts, coupled with the cooperation of the parties, would be sufficient to minimize the possibility of conflicting pretrial rulings. See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed February 28, 1978) (slip opinion at 4).

- 5 -

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 pertaining to the actions listed on the following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A

## DISTRICT OF NEW JERSEY

21st Century Productions, Inc. v.   Civil Action
Richard U. Neely, et al.            No. 77-1598

## SOUTHERN DISTRICT OF FLORIDA

Twenty-First Century Productions, Inc.,   Civil Action
et al. v. Omni-Vision, Inc., et al.       No. 77-6180